IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| RAYMOND JOSEPH JARAMILLO, JR., § § Petitioner, § § v. § § LORIE DAVIS, Director, § Texas Department of Criminal Justice, § Correctional Institutions Division, § § Respondent. § | 2:16-CV-247 |

### REPORT AND RECOMMENDATION
### TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RAYMOND JOSEPH JARAMILLO, JR. For the following reasons, petitioner's habeas application should be DENIED.

### I.
### STATEMENT OF THE CASE

On September 27, 2007, petitioner was charged by grand jury Indictment in Potter County, Texas, with the second degree felony offense of aggravated assault with a deadly weapon. *State v. Jaramillo*, No. 56,256. The Indictment alleged petitioner, on or about July 28, 2007, "did then and there intentionally or knowingly cause bodily injury to Melissa Irene Lucy by stabbing her with a knife, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a knife, that in the manner and means of its use and intended use was capable of causing death or serious bodily

injury, during the commission of the assault."

On January 10, 2008, a jury found petitioner guilty of the offense of aggravated assault with a deadly weapon as alleged in the Indictment and assessed petitioner's punishment at 15 years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, and a $10,000 fine. The 320th Judicial District Court of Potter County entered Judgment in accordance with the jury verdict that same date.

Petitioner, represented by counsel, filed a direct appeal of his aggravated assault conviction asserting the evidence was factually insufficient to establish that he used a weapon as alleged in the Indictment in such a way that the weapon was *capable* of causing death or serious bodily injury. On March 13, 2009, the Court of Appeals for the Seventh District of Texas, Amarillo Division, affirmed the judgment of the trial court. *Jaramillo v. State*, No. 07-08-0148-CR. The appellate court noted that, "as indicted, the State was required to prove that [petitioner] intentionally or knowingly caused bodily injury to Lucy . . . that [petitioner] used or exhibited a knife; and that the knife, in the manner of its use or intended use, was capable of causing death or serious bodily injury." The court found the evidence was factually sufficient to show that the weapon used by petitioner was *capable* of causing serious bodily injury. Petitioner did not seek review of the intermediate appellate court's decision by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

On September 25, 2012, petitioner placed in the prison mail system[1] a state application for habeas corpus relief alleging (1) trial counsel was ineffective for failing to authenticate, by

---

[1] "[U]nder Texas law the pleadings of *pro se* inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities." *Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013). The state habeas petition form, however, does not require the petitioner to provide a date on which the application is submitted to the prison mail system. Therefore, the undersigned will use the date petitioner signed the application as the date he submitted the petition to prison authorities for mailing unless demonstrated otherwise.

scientific handwriting analysis or fingerprint evidence, a letter purportedly written by the victim wherein she admitted stabbing herself and falsely accusing petitioner for the injuries;[2] and (2) the State denied petitioner the right to scientifically authenticate this exculpatory evidence because it lost the original letter. On April 16, 2013, after an in-person hearing, the state trial court entered findings of fact and conclusions of law finding trial counsel investigated the possibility of a handwriting comparison to prove the letter was written by the victim, but that such an analysis could not have been made because the original had been lost. The trial court further found that even if counsel could have proven the letter was written by the victim, this evidence alone would not have likely changed the outcome of the trial as proof by handwriting comparison alone is not sufficient to establish the handwriting of a witness who denies her signature under oath. The state trial court concluded counsel was not deficient and petitioner was not prejudiced by counsel's performance. On January 15, 2014, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order on the findings of the trial court after a hearing. *In re Jaramillo*, No. 78,664-01.

On August 1, 2016, petitioner placed in the prison mail system a second state application for habeas corpus relief alleging (1) the evidence was insufficient to support a deadly weapon finding; and (2) error for failure to present the victim's psychological and criminal history to the jury. On October 26, 2016, the Texas Court of Criminal Appeals dismissed petitioner's second state habeas application as an abusive, subsequent application. *In re Jaramillo*, No. 78,664-02.

On November 14, 2016, petitioner purportedly placed the instant federal application for habeas corpus in the prison mailing system. Petitioner's application was received by this Court on

---

[2] A copy of the letter was admitted into evidence, however, the victim testified at trial that she did not write the letter and that petitioner stabbed her, rather than that she stabbed herself as stated in the letter.

November 16, 2016, at which time it was file-stamped and a federal habeas corpus proceeding opened.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

> There was insufficient evidence to support a finding that petitioner used or exhibited a deadly weapon during the commission of the assault because no weapon was ever recovered or produced at trial, no DNA evidence was collected from a weapon, and the victim's wounds were minor and consistent with being self-inflicted.

## III.
## RESPONDENT'S ANSWER

On April 19, 2017, respondent filed an Answer asserting petitioner's habeas application should be dismissed as time barred. In her Answer, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, as well as the application of equitable tolling of the limitation period in federal habeas corpus proceedings. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application. Petitioner did not file a reply to respondent's Answer.

## IV.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner was sentenced on January 10, 2008. Petitioner's conviction was affirmed on direct appeal by the Seventh Court of Appeals of Texas on **March 13, 2009**. Petitioner did not file a petition for discretionary review.

2. Petitioner's judgment of conviction became final on **April 13, 2009**, when the

      30-day period to file a petition for discretionary review expired.[3] Tex. R. App. P. 68.2(a); see *Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3.   The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4.   Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5.   Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

6.   The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7.   Petitioner's federal habeas corpus petition was thus due on or before **April 13, 2010**, unless statutorily or equitably tolled.

8.   Petitioner's first state habeas application, filed September 25, 2012 and denied without written order on January 15, 2014, was filed after the expiration of the limitation period and did not statutorily toll the 1-year statute of limitations.

9.   Petitioner's second state habeas application, dismissed as an abusive subsequent application, would not have statutorily tolled the limitation period as it was not a "properly filed" application for State post-conviction relief. Even if the second state habeas petition had been properly filed and the state court had addressed the merits of the petition, it too was filed after the expiration of the limitation period and did not statutorily toll the 1-year statute of limitations.

10.   Petitioner has not demonstrated he is entitled to any periods of equitable tolling.

11.   Petitioner's federal habeas corpus application, filed **November 14, 2016** when it was purportedly placed in the prison mailing system, was filed over five (5) years after the expiration of the statute of limitations and **is time barred**.

12.   Petitioner has not asserted or demonstrated an actual innocence exception to the time bar.

---

[3] The expiration of the 30-day period fell on April 12, 2009, a Sunday. Therefore, the deadline was extended to Monday, April 13, 2009.

Therefore, for the reasons set forth by respondent and for the reasons set out above, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DENIED.

## V.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Answer filed April 19, 2017 [Document #15], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RAYMOND JOSEPH JARAMILLO, JR. be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___15th___ day of June 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## *NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is

fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A part's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).